Sean A. O'Brien, Bar No. 133154
sao@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

J. Mark Smith (Admitted *Pro Hac Vice*)
msmith@pwhclaw.com
PENDLETON WILSON HENNESSEY & CROW P.C.
1875 Lawrence St., Tenth Fl.
Denver, Colorado 80202
Telephone: (303) 839-1204
Facsimile: (303) 831-0786

Attorneys for DEFENDANT
LEDUP ENTERPRISE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAO TAI ELECTRONICS CO., LTD, a Taiwanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEDUP ENTERPRISE, INC., a California corporation; LOWE'S HIW, INC., a Washington Corporation; THE HOME DEPOT U.S.A., INC., a Delaware corporation; MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. CV-12-10137-R-MRW<br><br>**DEFENDANT LEDUP ENTERPRISE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**<br><br>**(Filed concurrently with manually filed Counterclaims pursuant to L.R. 3-2)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>First Amended Complaint filed: February 19, 2013 |

## **ANSWER**

Defendant, LedUp Enterprise, Inc., answers the First Amended Complaint and asserts its counterclaims against the Plaintiff, Chao Tai Electronics Co., Ltd., as follows:

1. LedUp Enterprise, Inc. hereafter designated as "LedUp", admits the allegations of jurisdiction and venue directed toward it contained in Paragraphs 1-4, except it denies the allegations of direct, contributory and inducement of infringement set forth in Paragraph 4.

2. As the allegations of Paragraph 5-10 are directed to other Defendants, LedUp denies the allegations based on lack of information.

3. As to allegations of Paragraph 11-13, LedUp lacks sufficient knowledge and thus denies said allegations.

4. LedUp admits the allegations of Paragraph 14.

5. As to the allegations of Paragraph 15-24 LedUp lacks sufficient information and, therefore, denies all allegations, other than to admit that in the past LedUp has sold some LED light strings to Home Depot using the Martha Stewart brand as alleged in Paragraph 18, but it cannot determine if any of the allegedly infringing products were LedUp's.

6. Paragraph 25 incorporates prior allegations. LedUp incorporates its prior admissions and denials in response.

7. LedUp admits that United States patent 7,301,287, the `287 patent, was issued, as alleged in Paragraph 26 but denies that it was properly issued and denies that it is valid and enforceable.

8. LedUp lacks sufficient information as to the allegations of Paragraph 27-29 and therefor denies said allegations.

9. LedUp denies the allegations of Paragraph 30.

10. As to the allegations of Paragraph 31-34, LedUp lacks sufficient information as to the allegations and the particulars of the Model #59005HO light string or other lights strings referred to and therefor denies the allegations.

11. LedUp admits that it sells LED light strings, including under the Martha Stewart brand as alleged in Paragraph 35, but denies its light strings infringe

the `287 patent, and on lack of information it denies that it supplied the products of the action.

12. As to the allegations of Paragraph 36-37 LedUp lacks sufficient information as to the exact products referred to and therefor denies the allegations. Specifically LedUp denies that any of its products infringe the `287 patent.

13. As Paragraphs 38-39 are directed to other Defendants, LedUp denies on lack of information.

14. LedUp denies the allegations of Paragraphs 40-41.

15. LedUp denies all allegation of the Complaint or Amended Complaint unless expressly admitted herein.

16. The Amended Complaint fails to state a claim against Defendant LedUp and should be dismissed.

## AFFIRMATIVE DEFENSES

Based on the current information and the expectation that discovery will support affirmative defenses, LedUp states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff's Amended Complaint fails to state a claim upon which any relief may be granted against LedUp.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

2. Patent No. 7,301,287 is not and has not been infringed by any product or method made, used, sold, offered for sale or imported by this Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (Noninfringement by way of Contributory or Inducement)

3. Defendant has not contributed to or induced or otherwise become secondarily liable for any infringement.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

4. The Plaintiff is not the true party in interest and has no standing to assert the claims herein.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalidity)

5. The Patent is invalid for failure to comply with at least the provisions of 35 U.S.C. §§ 102, 103 or 112, including, without limitations, the patent is invalid and unenforceable as its claims are anticipated, obvious and indefinite.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

6. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

7. The Plaintiff's claims are barred by operation of waiver.

## EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

8. The Plaintiff's claims are barred by equitable estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

9. The Plaintiff's claims are barred by equitable defenses of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

10. Plaintiff's claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286 and 287.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

11. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel. Plaintiff is estopped from asserting or obtaining any construction of the claims of the '287 patent that would result in any of the claims covering any LedUp product.

### ADDITIONAL DEFENSES

12. LedUp reserves the right to amend its Answer and assert additional defenses as supported by the facts and discovery of this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant LedUp Enterprise, Inc., requests the following relief:

A. Dismissal of the Plaintiff's Amended Complaint and all claims therein, without recovery from this Defendant.

B. Judgment declaring that LedUp Enterprise, Inc., is not infringing any claim of the Plaintiff's patent.

C. Judgment that the Co-Defendants, to the extent they sold, offered for sale or used any of this Defendant's products, did not infringe the Plaintiff's patent or that they did not infringe due to the invalidity of said patent.

D. Judgment pursuant to 35 U.S.C. § 285 awarding this Defendant such relief, including attorneys' fees, costs and such other relief as appropriate, warranted by the circumstances.

DATED: April 12, 2013

By: /s/ *Sean A. O'Brien*

Sean A. O'Brien
sao@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

J. Mark Smith (*Pro Hac Vice*)
msmith@pwhclaw.com
Pendleton, Wilson, Hennessey & Crow, PC
1875 Lawrence Street, 10th Fl.
Denver, Colorado 80202-1898
Telephone: (303) 839-1204
Facsimile: (303) 831-0786

Attorneys for Defendant
LEDUP ENTERPRISE, INC.
PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1 and Rule 38 of the Federal Rules of Civil Procedure, LedUp Enterprise, Inc., respectfully requests a jury trial on all issues so triable.

DATED: April 12, 2013

By:     /s/ *Sean A. O'Brien*
Sean A. O'Brien
sao@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone:  (949) 851-1100
Facsimile:  (949) 851-1212

J. Mark Smith (*Pro Hac Vice*)
msmith@pwhclaw.com
Pendleton, Wilson, Hennessey & Crow, PC
1875 Lawrence Street, 10th Fl.
Denver, Colorado  80202-1898
Telephone:  (303) 839-1204
Facsimile:  (303) 831-0786

Attorneys for Defendant
LEDUP ENTERPRISE, INC.

4846-1700-5331.1