Sean A. O'Brien, Bar No. 133154
sao@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

J. Mark Smith (Admitted *Pro Hac Vice*)
msmith@pwhclaw.com
PENDLETON WILSON HENNESSEY & CROW P.C.
1875 Lawrence St., Tenth Fl.
Denver, Colorado 80202
Telephone: (303) 839-1204
Facsimile: (303) 831-0786

Attorneys for DEFENDANT
LEDUP ENTERPRISE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAO TAI ELECTRONICS CO., LTD, a Taiwanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEDUP ENTERPRISE, INC., a California corporation; LOWE'S HIW, INC., a Washington Corporation; THE HOME DEPOT U.S.A., INC., a Delaware corporation; MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendant.<br><br>LEDUP ENTERPRISE, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CHAO TAI ELECTRONICS CO., LTD, a Taiwanese corporation,<br><br>Counterdefendant | Case No. CV-12-10137-R-MRW<br><br><br>**STIPULATION AND ORDER REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIALS**<br><br><br>**JURY TRIAL DEMANDED** |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

STIPULATION AND [PROPOSED] ORDER
REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

WHEREAS, the Parties to the above-captioned action ("this Action") or third parties may, in the course of the litigation of this Action be asked or required to have possession of each other's trade secrets and other confidential or sensitive commercial, research, technical, manufacturing, marketing, or business information or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, good cause exists for the issuance of this Order Regarding the Exchange of Confidential Material ("Protective Order") and such issuance would be in the furtherance of justice because, among other things: (i) the issuance of this Protective Order will allow for efficiency in the discovery process; (ii) discovery obtained in the Action may involve disclosure of nonpublic, confidential, proprietary, commercially sensitive and/or trade secret or otherwise privileged information, including but not limited to the structure, design and operation of Parties' products, Parties' relations with their authorized dealers, Parties' business plans, models, marketing analyses, sales and financial statements; (iii) disclosure of this information to persons who are not entitled to such information carries the danger of compromising the competitive business interests of the Parties, who in turn, compete directly with one another in the same line(s) of business; and (iv) discovery obtained in the Action also may involve disclosure of documents containing private information, including financial information and social security numbers, of individual persons, including both parties and non-parties, the disclosure of which may invade their legitimate personal privacy interests; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to prevent unnecessary disclosure or dissemination of such confidential information; and

WHEREAS, the Court having considered this matter upon a noticed Motion for Protective Order pursuant Rule 26(c) of the Federal Rules of Civil Procedure,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-2-

STIPULATION AND [PROPOSED] ORDER
REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

1 and having considered the papers submitted by the parties in support thereof and
2 having given interested parties a reasonable opportunity to object;

3      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by
4 and among the parties, by and through their respective attorneys of record in this
5 Action, that the terms and conditions of this Protective Order shall govern (a) initial
6 and supplemental disclosures, (b) the production, inspection, and handling of
7 documents, materials, and things, (c) answers to interrogatories, (d) responses to
8 requests for admission, (e) depositions, (f) pleadings, declarations or affidavits, and
9 exhibits, and (g) other information exchanged by the parties, or received from third
10 parties in this Action.

11      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

12 **1.**     **PURPOSES AND LIMITATIONS**

13     (a)     This Order shall govern the production, use, and disclosure of
14 confidential documents and information produced, used, or disclosed in connection
15 with this Action, and designated in accordance with this Protective Order.

16     (b)     Disclosure of Protected Material (as defined below) is prohibited,
17 except as expressly provided in this Protective Order.

18     (c)     The Parties (as defined below) acknowledge that designations under
19 this Protective Order shall be made with care and with the good faith belief that the
20 designated material satisfies the criteria set forth below. If a Producing Party
21 discovers that designated material does not qualify for the level of protection
22 initially asserted, it must promptly notify any Receiving Party (defined below) that it
23 is withdrawing or changing the designation.

24     (d)     A Party may designate information or documents produced, used or
25 disclosed as "CONFIDENTIAL" and subject to the protections and requirements of
26 this Protective Order, if so designated in writing to the other Parties, or orally, if
27 recorded as part of a deposition or court proceeding, pursuant to the terms of this

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

STIPULATION AND [PROPOSED] ORDER
REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

Protective Order.

(e)    The Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principals.

(f)    The Parties further acknowledge, as set forth in Section 11 below, that this Protective Order does not entitle them to file confidential information under seal, and the standards set forth in the Local Rules will be applied when a party seeks permission from the court to file material under seal.

**2.    <u>DEFINITIONS</u>**

(a)    **<u>Challenging Party</u>** means a Party that challenges the designation of information or items under this Order.

(b)    **<u>Designating Party</u>** means a Party, Non-Party, or Third Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

(c)    **<u>Discovery Material</u>** means all items or information, including from a third party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in connection with discovery or Federal Rule of Civil Procedure 26(a) in this Action.

(d)    **<u>In-House Counsel</u>** means an attorney who is licensed in any state of the United States and who is an employee of a Party.

(e)    **<u>Non-Party or Third Party</u>** means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.  A third party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-4-

shall receive the same level or protection under this Protective Order as any Party to this Action.  A third party's use of this Protective Order to protect its Protected Material does not entitle that third party to gain access to Protected Material produced by any Party or other third party in this Action.

(f)   **Outside Counsel** means attorneys licensed in any state of the United States who are not employees of a Party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated, as an attorney licensed in any state of the United States, with a law firm which has appeared on behalf of that party.

(g)   **Party** means any party to this Action, including its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staff.

(h)   **"Patent-in-Suit"** means any patent asserted in this Action, including U.S. Patent No. 7,301,287, and any U.S. patents, reissues, reexaminations, post-grant reviews, or patent applications (including provisionals, continuations, continuations-in-part, divisionals, or international counterparts) providing priority for or claiming priority (in whole or in part) to or through U.S. Patent No. 7,301,287 or any other patent asserted in this Action.

(i)   **Producing Party** means any Party that discloses or produces Discovery Material in this Action.

(j)   **Protected Material** means any Discovery Material that is designated as "CONFIDENTIAL" as provided in this Protective Order.  Protected Material shall not include: (1) materials that have been published to the general public or are otherwise in the public domain; (2) information that after disclosure to a Receiving Party becomes part of the public domain as a result of publication not involving a violation of this Protective Order or any violation of law; (3) information that a Receiving Party can show was received by it, whether before or after the disclosure,

-5-

from a source that obtained the information lawfully and under no obligation of confidentiality; (4) information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the information designated by a Producing Party under this Protective Order; or (5) documents or testimony for which confidentiality was waived by the Producing Party's purposeful use in open court or any non-confidential filing in connection with the appeal of the judgment rendered in this Action.

(k)    **Receiving Party** means any Party that receives Discovery Material from a Producing Party.

**3.    SCOPE**

(a)    The protection conferred by this Protective Order covers not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, notes, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in court or other settings that might reveal Protected Material.  However, the scope of this Protective Order is specifically limited to any of the above-described information that is produced or adduced (e.g., deposition testimony) during discovery in this litigation.

(b)    Nothing in this Protective Order restricts a Producing Party's disclosure or use of its own Protected Material for any purpose, and nothing in this Protective Order precludes any Party from disclosing Protected Material to the individual who prepared or previously received the Protected Material.  Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Protected Material in court and in any court filing with the consent of the Producing Party or by order of the Court, and in accordance with the terms herein.

(c)    This Protective Order is without prejudice to the right of any Party to seek additional protection for any Discovery Material or to modify this Protective

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-6-

1  Order in any way, including, without limitation, seeking an order that certain matter

2  need not be produced at all.

3      (d)    Any use of Protected Material at trial shall be governed by a separate

4  agreement or order.

5      **4.**    **DURATION**

6      Even after final disposition of this litigation, the confidentiality obligations

7  imposed by this Order shall remain in effect until a Designating Party agrees

8  otherwise in writing or a court order otherwise directs.  Final disposition shall be

9  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

10  or without prejudice, and (2) final judgment herein after the completion and

11  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

12  including the time limits for filing any motions or applications for extension of time

13  pursuant to applicable law.

14      **5.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

15      (a)    **Basic Principles**.  All Protected Material may be used solely for this

16  litigation and the preparation for and trial in this Action and any related appellate

17  proceeding, and not for any other purpose whatsoever, including without limitation

18  any other litigation, patent prosecution or acquisition, or any business or competitive

19  purpose or function.  Protected Material may not be distributed, disclosed. or made

20  available to anyone except as expressly provided in this Protective Order.

21          (i)    Protected Material, including any notes or other documents

22      discussing, describing or otherwise containing or concerning Protected

23      Material, will only be reviewed in the United States;

24          (ii)    Protected Material, including any notes or other documents

25      discussing, describing or otherwise containing or concerning Protected

26      Material, will not be shipped or transported outside of the United States; and

27          (iii)    No remote access to any Protected Material, including any notes

28

-7-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

or other documents discussing, describing or otherwise containing or concerning Protected Material, will be provided or permitted to a person at the time while physically located outside of the United States.

(b)     **Limitations**.  Nothing in this Protective Order restricts in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Protective Order restricts in any way a Receiving Party's use or disclosure of Discovery Material: (1) that is or has become publicly known through no fault of the Receiving Party; (2) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (3) that the Producing Party previously produced, disclosed, or provided to the Receiving Party or a non-Party without any obligation of confidentiality and not inadvertently or by mistake; (4) with the consent of the Producing Party; or (5) pursuant to order or the Court.

**6.     DESIGNATING PROTECTED MATERIAL**

(a)     **Exercise of Restraint in Designating Material for Protection**.  Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-8-

all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

(b) **Available Designations**.  Any Producing Party may designate Discovery Material with the designation as "CONFIDENTIAL," provided that it meets the requirements for such designation as provided for herein.

(c) **Written Discovery and Documents and Tangible Things**.  Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraphs 7 and 8 below may be so designated by placing the appropriate designation on the written material prior to production or disclosure.  Information or material produced digitally, e.g., on a magnetic or optical medium or by network communication, is to be designated as Protected Material by marking the medium, container, or communication through a naming convention for the electronically stored information ("ESI"), or by other means that indicate the confidential nature of the material.  In addition, with respect to digital image files, such as TIFF files, the Producing Party shall use its best efforts to mark each viewable page or image with the appropriate designation.  Native documents and databases will be marked by the Producing Party using a naming convention that conveys its confidentiality status, or some other appropriate means to communicate the confidential nature of the ESI that is agreed upon by the parties.  If any Receiving Party prints or otherwise copies digitally produced Protected Material that the Producing Party did not mark pursuant to the preceding sentence, the Receiving Party shall mark such copies with the designation corresponding to the medium, container, or communication.  If original documents are provided for inspection, the original documents shall be presumed to be "CONFIDENTIAL" during the inspection and re-designated, as appropriate, during the copying process.

(d) **Depositions and Testimony**.  Parties or testifying persons or entities

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

STIPULATION AND [PROPOSED] ORDER
REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

may designate depositions and other testimony with the appropriate designation under this Protective Order by indicating on the record at the time the testimony is given or by sending written notice to the court reporter, counsel for the parties, and any other person known to be in possession of the transcript that the testimony is so designated within fifteen (15) calendar days of receipt of the official transcript of the testimony.  Transcripts (including exhibits) containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including lines numbers and exhibit numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  All information disclosed during a deposition shall be deemed "CONFIDENTIAL" until those fifteen (15) calendar days have passed.  Any designated Discovery Material used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases, the court reporter shall be informed of this Protective Order and be required to act consistently with this Protective Order.  If the deposition is videotaped, the video technician shall mark the original and all copies of the videotape to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case.  Its contents may not be viewed, displayed, or revealed except by order of the Court or pursuant to written stipulation of the Parties."·Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Order to receive Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.  Parties shall give the other parties notice if they

-10-

STIPULATION AND [PROPOSED] ORDER
REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

reasonably expect a deposition to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those depositions.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(e)     **Inadvertent Failures to Designate**.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**7.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, or commercially sensitive information that is not generally available to or accessible by the general public.

(b)     Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

(i)     The Receiving Party's outside counsel and litigation counsel of record in this Action, and the supporting personnel employed in or by such counsel, including staff, paralegals, advisors, commercial copying vendors, data processing vendors, e-discovery vendors, and/or database services providers;

(ii)     Unless otherwise agreed by the Producing Party and the Receiving Party, in addition to the persons granted access under section 7(b)(i) above, one (1) designated In-House Counsel for each Receiving Party

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-11-

to whom it is necessary to disclose the information to this litigation may have access to information marked "CONFIDENTIAL," provided that: (a) such person is not engaged in competitive decision-making for the Receiving Party, including pricing, negotiation, and contracting, (b) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, (c) the Receiving Party has provided a copy of the signed Exhibit A acknowledgement form to the Producing Party at least two (2) business days prior to disclosing any "CONFIDENTIAL" information to such identified In-House Counsel, and (d) no unresolved objections to such disclosure exist after the notice above has been provided to the Producing Party;

(iii)    Any testifying expert or non-testifying consultant who is retained by the Receiving Party to assist in this Action, provided that disclosure is only to the extent necessary to perform such work, and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b) below;

(iv)    Court reporters, stenographers, and videographers retained to record testimony taken in this Action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, or trial consulting services (including mock jurors) retained by a Party;

(vii)    Any other person with the prior written consent of the Producing Party; and

(viii)   Any mediator or settlement officer who is assigned to hear this matter, and his or her staff.

-12-

STIPULATION AND [PROPOSED] ORDER
REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

(c)     Any "CONFIDENTIAL" materials obtained by any Party from any Producing Party pursuant to discovery in this Action may only be used for purposes of preparation and litigation of this case, and for no other purpose.

**8.     INDEPENDENT EXPERTS AND CONSULTANTS**

(a)     Experts or consultants receiving Protected Material may not be a current officer, director, or employee of a Party or of a competitor of the Producing Party, and may not anticipate at the time of retention or during engagement for this litigation becoming an officer, director, or employee of a Party or of a competitor of the Producing Party.

(b)     Before disclosing any Protected Material to a testifying expert or non-testifying consultant, the Party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the person's name; (ii) the person's present employer and title; (iii) the person's up-to-date curriculum vitae; (iv) a list of the cases in which the person has testified at deposition or trial and all companies with which the individual has consulted or by which the individual has been employed for the past five (5) years; and (v) any previous or current relationship (personal or professional) with any of the Parties.

(c)     After the Party seeking to disclose such information to the proposed testifying expert or non-testifying consultant has provided written notice to the Producing Party or Parties, the Party seeking to disclose such information to the proposed testifying expert or non-testifying consultant shall wait to disclose the Protected Material until five (5) calendar days after the written notice has been provided.

(d)     Before receiving Protected Material under this Order, the proposed testifying expert or non-testifying consultant shall execute a copy of the acknowledgement form annexed hereto as Exhibit A.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-13-

**9.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

(a)     **Timing of Challenges**.   Any Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)     **Meet and Confer**.   Any challenge to a designation of Discovery Material under this Protective Order must be in writing, served on outside counsel for the Producing Party, and specifically identify the documents or information that the Receiving Party contends should be differently designated and the grounds for the objection.   Thereafter, further protection or such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall bear the burden of conferring in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested Party) in a good faith effort to resolve the dispute. The Designating Party shall provide its rationale for maintaining the disputed designation;

(ii)     Failing agreement, the objecting Party may move the Court for a ruling that the Discovery Material in question is improperly designated.   The Parties' agreement to this Order shall not preclude or prejudice any Party from arguing for or against any designation, establish any presumption that a particular designation is valid. or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information; and

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-14-

Discovery Material in question withdraws the contested designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**10.   SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party and its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of confidential materials before any disclosure thereof by the recipient of the subpoena or court order.

**11.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)   Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other lawful privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity.

(b)   Pursuant to Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, the inadvertent disclosure of protected communications or information ("Privileged Material") shall not constitute a waiver of any privilege or other protection (including work product) for the Privileged Material or the subject matter of the Privileged Material if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure.  The Producing Party will be deemed to have taken reasonable steps to prevent Privileged

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-15-

Material from inadvertent disclosure if the Producing Party utilized attorney review, keyword search term screening, and/or linguistic tools in screening for privilege, work product or other protection.

(c)     In the event of the inadvertent disclosure of Privileged Material, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within ten (10) calendar days from the date that the inadvertent disclosure has been realized, the Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the Receiving Patty to destroy or return promptly all copies of the inadvertently produced Privileged Material (including any and all work product containing such communications or information).

(d)     Upon receiving such a request from the Producing Party, the Receiving Party shall promptly return or confirm destruction of all copies of such inadvertently produced Privileged Material (including any and all work product containing such communications or information), and shall make no further use of such Privileged Material (or work product containing such Privileged Material).  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection.  The protections against waiver afforded by this Protective Order shall be applicable to the fullest extent allowed by Rule 502 of the Federal Rules of Evidence against both Parties and non-parties to this action and in other proceedings in Federal and State courts.

(e)     Notwithstanding this provision, litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems or a vendor(s)' systems that are over-written in the normal course of business.

**12.   <u>INADVERTENT FAILURE TO DESIGNATE</u>**

(a)     A Producing Party's inadvertent failure to designate Discovery Material as Protected Material under this Protective Order shall not waive its rights

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-16-

to subsequently make an appropriate designation, provided that the Producing Party notifies the Receiving Party of the correct designation within ten (10) days of learning of its inadvertent failure to so designate.

(b)     A Receiving Party's use of such Discovery Material before receiving notice of the inadvertent failure to designate shall not constitute a violation of this Order.  Upon receiving such notice, the Receiving Party shall treat such Discovery Material according to its designation under this Order.  In the event the document has been distributed in a manner inconsistent with this designation, a Receiving Party will take the steps necessary to conform distribution to the designation, i.e., returning all copies in its possession of the "CONFIDENTIAL" or notes or extracts thereof, to the persons authorized to possess such documents.   In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing.  In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the Party deems the making of the request to be a futile act, the Party shall promptly notify the Producing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party.

### 13.   <u>INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER</u>

(a)     If Discovery Material protected by this Protective Order is disclosed to any person not authorized to receive such disclosure under this Protective Order, the Party responsible for such disclosure shall immediately notify counsel for the Producing Party of all known relevant information concerning the nature and circumstances of the unauthorized disclosure.  The responsible disclosing Party shall promptly take all reasonable measures to retrieve the improperly disclosed

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-17-

Discovery Material and to ensure that no further unauthorized disclosure or use is made or the material.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the Producing Party's right to claim that the disclosed document or information still constitutes Protected Material.

**14.    FINAL DISPOSITION**

(a)     Within sixty (60) days after the final disposition of this Action, including all appeals therefrom, each Party and all third parties who obtained access to confidential information under this Protective Order shall either return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy it at the option of the Producing Party.

(b)     Within sixty (60) days after the final disposition of this litigation (including after any appeals), all Parties and third parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.

(c)     Notwithstanding the provisions for the return and destruction of Discovery Material, litigation counsel of record in this Action may retain pleadings, correspondence, and attorney and consultant work product (but not production) subject to the "CONFIDENTIAL" designation for archival purposes.  Litigation counsel of record are not required to delete information that may reside on their respective firms electronic back-up systems or vendor systems that are over-written in the normal course of business.

**15.    FILING PROTECTED MATERIAL**

In the event that counsel for any party desires to file with the Court any document which includes any Protected Material, the such document shall be filed separately in a sealed envelope and include a written application and proposed order in conformity with Central District of California Local Rule 79-5.1.  If the Party

-18-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

making the filing is a Receiving Party, then the written application shall state that the documents sought to be sealed are subject to the Court's Protective Order and that pursuant to that Order, the Designating Party shall have seven days to file with the Court supporting documents necessary to make a factual showing establishing that the Protected Material is sealable, and that the Court should therefore abstain from making a ruling on the Written Application to provide the Designating Party with sufficient opportunity to make this showing.  The Receiving Party should then provide written email notification to the Designating Party on the date of filing of the bates-ranges and title of the Protected Material to be filed under seal so as to give the Designating Party sufficient opportunity to make its factual showing.

## 16.   **MISCELLANEOUS**

(a)   **Retention of Declarations**.  The attorneys or record for the Receiving Party shall retain the original, executed Declarations (in the form or Exhibit A) that have been executed by the Receiving Party's employees, consultants, and testifying experts.

(b)   **Right to Further Relief**.  Nothing in this Order abridges any person's right to seek its modification by the Court in the future.  By stipulating to this Protective Order, the Parties do not waive their right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(c)   **Documents in Prior Possession of Receiving Party**.  The confidentiality obligations of this Order shall not prohibit any use whatsoever by any Receiving Party of any information or documents that were, at the time of production to the Receiving Party, currently in the Receiving Party's lawful possession, custody, or control without any obligations of confidentiality to the Producing Party under this Order or otherwise, or that later come into the possession of the party from others lawfully in possession of such information or documents

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-19-

1  who are not parties to the lawsuit or bound by this Order or any other confidentiality

2  obligation to the Producing Party.

3       (d)  **Termination of Litigation and Retention of Jurisdiction**.  The

4  Parties agree that the terms of this Protective Order shall survive and remain in

5  effect after the termination of the above-captioned matter.  The Court shall retain

6  jurisdiction after termination of this matter to hear and resolve any disputes arising

7  out of this Protective Order.

8       (e)  **Obligation to Produce Protected Materials Subject to Law, Rule or**

9  **Regulation**.  The confidentiality obligations of this Protective Order shall not

10 prohibit the disclosure by a Receiving Party of any information or documents that

11 are required to be disclosed by any law, regulation, order or rule of any

12 governmental authority; provided, however, that if a Receiving Party is required to

13 disclose a document or information designated by a producing party as

14 "CONFIDENTIAL" pursuant to any law, regulation, order or rule or any

15 governmental authority, the Receiving Party shall give immediate advance notice, to

16 the extent possible, of any such required disclosure in writing to counsel for the

17 Producing Party to afford the Producing Party the opportunity to seek legal

18 protection from the disclosure of such information or documents.

19      (f)  **Legal Advice Based on Protected Materials**.  Nothing in this

20 Protective Order shall bar or otherwise restrict legal counsel from rendering advice

21 to his or her client with respect to this case and, in the course thereof, relying in a

22 general way upon his/her examination of Protected Material produced or exchanged

23 in this case, provided, however, that in rendering such advice and in otherwise

24 communicating with his or her client, legal counsel shall not disclose the specific

25 contents or substance or the specific source of any Protected Material produced by

26 the other Party, except as permitted under this Protective Order.

27

28

STIPULATION AND [PROPOSED] ORDER
REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1    (g)    **Violation of Protective Order**.  In the event that anyone violates or

2 threatens to violate the terms of this Protective Order, the parties agree that the

3 aggrieved Party may apply immediately to obtain injunctive relief against any such

4 violation or threatened violation and, in the event the aggrieved Party shall do so,

5 the respondent, subject to the provisions of this Protective Order, shall not employ

6 as a defense thereto any claim that the aggrieved Party possesses an adequate

7 remedy at law.

8    (h)    **Successors**.  This Protective Order shall be binding upon the Parties

9 hereto, their attorneys, and their successors, executors, personal representatives,

10 administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

11 employees, agents, and consultants and experts retained in this case.

12    (i)    **Right to Assert Other Objections**.  By stipulating to the entry of this

13 Protective Order, no Party waives any right it otherwise would have to object to

14 disclosing or producing any information or item.  Similarly, no Party waives any

15 objection to the use in evidence of any of the material covered by this Protective

16 Order.  This Protective Order shall not constitute a waiver of any Party's right to

17 claim that any Discovery Material, or any portion thereof, is privileged or otherwise

18 not discoverable or is not admissible in evidence in this Action or any other

19 proceeding.

20    (j)    **Burdens of Proof**.  Notwithstanding anything to the contrary above,

21 nothing in this Protective Order shall be construed to change the burdens of proof or

22 legal standards applicable in disputes regarding whether particular Discovery

23 Material is confidential, which level of confidentiality is appropriate, whether

24 disclosure should be restricted, and if so, what restrictions should apply.

25    (k)    **Copies of Protected Material**.  Except where otherwise specified,

26 nothing in this Protective Order shall restrict a qualified recipient from making

27 working copies, abstracts, digests, and analyses of Protected Material for use in

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-21-

connection with this Action, and such working copies, abstracts, digests, and analyses shall have the same protection as the original material under the terms of this Protective Order.  Further, except where otherwise specified, nothing in this Protective Order shall restrict a qualified recipient from converting or translating Protected Material into machine readable form for incorporation into a data retrieval system used in connection with this Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients under the terms of this Protective Order.

(l)    **Modification by Court**.  This Protective Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.

(m)    **Jurisdiction**.  Each person receiving Protective Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

(n)    **No Admissions**.  Compliance with this Protective Order in no way constitutes an admission by any Party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

(o)    **Waiver of Notice**.  Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the Party against whom such waiver will be effective.

### 17.    TREATMENT OF PARTY OF THIRD-PARTY'S OWN INFORMATION OR ANALYSIS OF OWN INFORMATION

Nothing herein shall restrict a Party with respect to the treatment and handling of its own information or of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to a Party's own information.  For example, nothing herein shall restrict a Party from having access

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

to designated materials that it produced in discovery or from having access to portions of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to the designated materials that the Party has produced in discovery.  A Party shall be permitted to have access to portions of any expert reports, testimony or court filings that address the Party's own designated materials.  Similarly, nothing herein shall restrict a Party from sharing with a third-party information that is from or belongs to that third-party.  For example, a Party may share designated materials with a third-party that belongs to that third-party.  The Parties agree to abide by and be bound by the terms or this Protective Order upon signature hereof as if the Protective Order had been entered on that date.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  December 2, 2013 By _____

      J. Mark Smith (*Pro Hac Vice*)

      Pendleton, Wilson, Hennessey & Crow, PC
      1875 Lawrence Street, 10th Fl.
      Denver, Colorado  80202-1898
      Telephone:  (303) 839-1204
      Facsimile:  (303) 831-0786

      Sean A. O'Brien
      sao@paynefears.com
      PAYNE & FEARS LLP
      4 Park Plaza, Suite 1100
      Irvine, California 92614
      Telephone:  ((49) 851-1100
      Facsimile:  (949) 851-1212

      *Attorneys for Defendant*
      *LedUp Enterprise, Inc.*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-23-

1

2

3

DATED:  December 2, 2013  By _____

4                              Gary F. Wang, Esq.

5

6                              Franklin Eugene Gibbs, Esq.
                               Law Offices of Gary F. Wang
7                              *Attorneys for Plaintiff Chao Tai Electronics Co., LTD.*

8

9

10

11

12

13

DATED:  December 2, 2013  By: _____

14                              Phillip J. Eskenazi, Esq.

15                              Jason Kim, Esq.

16                              Hunton & Williams, LLP
17                              *Attorneys for Defendant Lowe's HIW, Inc.*

18

19

20

21

22

23

24

25

26

27

28

-24-

STIPULATION AND [PROPOSED] ORDER
REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

## __ORDER__

2        Based on the foregoing stipulation of the Parties, and Good Cause having

3  been shown,

4        IT IS SO ORDERED.

5

6  Dated: Dec. 10, 2013        _____

7                                      Manuel L, Real

8                                      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

STIPULATION AND [PROPOSED] ORDER
REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL